### CRAWFORD, Exr v JONES

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12914. Decided June 12, 1933

**OPINION**

By LIEGHLEY, PJ.

Plaintiff claims that the defendant was incompetent to testify in respect to this alleged contract, for the reason that the plaintiff is the administrator of the payee of this note, now deceased. This claim is made by virtue of §11495, GC. The defendant claims that this testimony is competent by virtue of the language of sub-section 5 of this section.

The defendant and his wife were co-makers or co-contractors on this note. The provisions of Sub-section 5 are to the effect that

'in an action by or against a partner or joint contractor, the adverse party shall not testify to transactions * * * unless they were made in the presence of the surviving partner or joint contractor.'

The adverse party did not attempt to testify in this case within the purview of this Sub-section. It was just the opposite, and presents a situation to which this Sub-section has no application.

It is our opinion that this defendant was disqualified to testify and undertake to establish this alleged oral contract, and that his testimony in that regard was inadmissible.

During the trial and over the objection of the plaintiff, a certain page of an account book was offered in evidence in support of an alleged oral contract. An examination of this page will disclose that it is not signed, although said to be in the handwriting of Eva V. Jones. Whether these were payments to Flood as interest on this note, or whether they were payments of weekly board, is not disclosed, although the words "in full" appear more than once on the page.

It is our opinion that this page of an alleged account book has no probative value in this law suit, and should not have been admitted.

Without undertaking to recite the evidence in the case, what each witness said and the inferences reasonably deducible from the deposits and withdrawals recorded in the bank book of James Flood, it is the unanimous opinion of the members of this court that the finding and judgment in favor of the defendant is manifestly against the weight of the evidence.

For the foregoing reasons, the case is reversed and remanded with exception to defendant in error.

LEVINE and McGILL, JJ, concur in judgment.